UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------x

IN RE:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION

*This Document Relates To:*
*Yagman v. General Motors Company et al. 14-CV-9058*
------------------------------------------------------------------------------x

14-MD-2543

MEMORANDUM OPINION
AND ORDER

JESSE M. FURMAN, United States District Judge:

On October 4, 2019, *pro se* Plaintiff Stephen Yagman filed an "Amended Complaint" in this multidistrict litigation, familiarity with which is assumed. 14-CV-9058, ECF No. 291. The Amended Complaint is nearly identical to an earlier complaint filed by Mr. Yagman, dated August 22, 2014, *see* 14-CV-9058, ECF No. 24, which was dismissed without prejudice on December 18, 2014 pursuant to MDL Order No. 29, *see* 14-MD-2543, ECF No. 477, later modified by MDL Order No. 50, *see* 14-MD-2543, ECF No. 875.

Mr. Yagman's "Amended Complaint" is a nullity and will be disregarded, as his complaint was dismissed nearly five years ago and remains dismissed. To the extent that his filing can be deemed a motion for reconsideration of the MDL Order Nos. 29 and 50, it was filed almost five years too late. S.D.N.Y. Local Civil Rule 6.3 ("Unless otherwise by the Court or by statute or rule . . . a notice of motion for reconsideration or reargument of a court order shall be served within fourteen (14) days of the entry of the Court's determination of the original motion."); *McGraw-Hill Global Ed. Holdings, LLC v. Mathrani*, 293 F. Supp. 3d 394, 397 (S.D.N.Y. 2018) (holding that a motion for reconsideration may be denied merely because it is

filed more than two weeks after the court's determination of the original motion).[1]  And in any event, Mr. Yagman falls well short of "meeting the rigorous standards applicable to motions for reconsideration," *In re GM LLC Ignition Switch Litig.*, 2016 WL 1441804, at *2 S.D.N.Y. Apr. 12, 2016) (citations omitted), because, among other things, he identifies no controlling decisions or factual matters that the Court overlooked.

In short, Mr. Yagman's complaint remains dismissed.  As provided in Order No. 50, should a class be certified of which he is a member, Mr. Yagman may recover as a member of that class or he may opt out of the class and re-file his complaint at that time.  14-MD-2543, ECF No. 875, at 1-2.  Similarly, in the event that the Court denies class certification, Mr. Yagman may re-file his complaint.  *Id.*  In short, Mr. Yagman's complaint is dismissed without prejudice to re-filing in accordance with MDL Order Nos. 29 and 50.

SO ORDERED.

Dated: November 15, 2019
New York, New York

JESSE M. FURMAN
United States District Judge

---

[1] Mr. Yagman claims that MDL Order Nos. 29 and 50 were not served on him and that he "had no knowledge of their contents."  ECF No. 297, at 1-2.  He further claims that he "did not know his amended complaint had been dismissed until several days before he filed" the instant "Amended Complaint."  *Id.* at 2.  As New GM explains (in a reply that it is granted leave to file, *nunc pro tunc*), these claims are demonstrably false.  *See* ECF No. 298, at 1-2.  In any event, they have no bearing on the Court's analysis or conclusion.