IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE:

GENERAL MOTORS LLC IGNITION
SWITCH LITIGATION

MDL No. 2543
Master File No.: 14-MDL-2543(JMF)

*This Document Relates to The Following Case:*
*Yagman v. General Motors*, No. 1:14-cv-9058

_____

**PLAINTIFF STEPHEN YAGMAN'S MOTION TO REMAND**

Plaintiff, Stephen Yagman, moves the court to remand (transfer) this action back to the court in which it originally was filed, the Central District of California.

Plaintiff identified his action pursuant to the court's "Identification of Non-Ignition Switch Plaintiffs" Order, No. 153, Doc. 5767, as a "Non-Ignition Switch Plaintiff," meaning that "plaintiff [is one] whose complaint purports to allege that his or her accident or injuries was caused by a defect other than an ignition switch or key rotation defect[,]"[1] and plaintiff hereby requests that his action be remanded/transferred back to the U.S. District Court for the Central District of California, for all purposes.

The bases for the instant motion are that this action never should have been transferred to this court, in that it never had anything to do with any ignition switch, and its remaining in this court is contrary to the "just" and "speedy" mandates of Fed. R. Civ. P. Rule 1, and it appears that the conditions for plaintiff to renew this motion now have been met, as it appears that the other cases have been settled,

---

[1] *See* FAC, Doc. 24 (C.D.CA No. 14-04696, Aug. 22, 2014) at ¶ 6: "The Lucerne had defects that remained latent until 2014 and among the manifestation of those defects was that its engine stopped running when it was in motion and plaintiff was operating it and there was a complete shutdown of its electrical system.  To the extent plaintiff presently is able to do so, he believes that among the defects, none of which is related to the car's ignition switch, was that one or more of the following parts was not designed and/or manufactured properly:  the electronic control module, of 'ECM,' the secondary air valve, the 'MAP' or coolant sensor, and other parts presently unknown.  Defendants knew of these defects and did nothing to correct them and/or intentionally did not correct them or make them known before 2014."

at least as reported in the New York Times business section.  Nothing has occurred with respect to plaintiff's action since it was transferred to this court, five years ago.

Pursuant to this court's Order, plaintiff long ago, duly contacted, "first [to] meet and confer, New GM and Lead Counsel," plaintiff met and conferred with New GM counsel, but Lead Counsel Elizabeth Cabraser and Robert Hilliard ignored plaintiff's request to meet and confer, so that no meeting could be had with Lead Counsel.

There is no legitimate reason for this action to remain in this court and its having been in this court for five years is an affront to the "speedy" requirement of Fed. R. Civ. P. Rule 1.

Respectfully submitted,

/s/  Stephen Yagman
filing@yagmanlaw.net
333 Washington Boulevard
Venice Beach, California 90292-5152
(310)452-3200

*Plaintiff in Propria Persona*

Any opposition to Mr. Yagman's motion shall be filed by May 7, 2020; any reply shall be filed by May 14, 2020.  In their submissions, the parties should address whether Mr. Yagman is a putative member of the proposed settlement class and, if so, whether this motion should be denied without prejudice to renewal in the event that he opts out of the class in accordance with the Court's order granting preliminary approval to the settlement and/or after final approval.  SO ORDERED.

April 29, 2020

//