IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE:

GENERAL MOTORS LLC IGNITION
SWITCH LITIGATION

MDL No. 2543
Master File No.: 14-MDL-2543(JMF)

*This Document Relates to The Following Case:*
*Yagman v. General Motors*, No. 1:14-cv-9058

_____

**PLAINTIFF STEPHEN YAGMAN'S RENEWED MOTION TO REMAND (TRANSFER)**

Plaintiff, Stephen Yagman, moves the court to remand (transfer) this action back to the court in which it originally was filed, the Central District of California.

Plaintiff identified his action pursuant to the court's "Identification of Non-Ignition Switch Plaintiffs" Order, No. 153, Doc. 5767, as a "Non-Ignition Switch Plaintiff," meaning that "plaintiff [is one] whose complaint purports to allege that his or her accident or injuries was caused by a defect other than an ignition switch or key rotation defect[,]"[1] and plaintiff hereby requests that his action be remanded/transferred back to the U.S. District Court for the Central District of California, for all purposes.

The bases for the instant motion are that this action never should have been transferred to this court, in that it never had anything to do with any ignition switch, and its remaining in this court is contrary to the "just" and "speedy" mandates of Fed. R. Civ. P. Rule 1, and it appears that the conditions for plaintiff to renew this motion now have been met, as it appears that the other cases were settled on

---

[1] *See* FAC, Doc. 24 (C.D.CA No. 14-04696, Aug. 22, 2014) at ¶ 6: "The Lucerne had defects that remained latent until 2014 and among the manifestation of those defects was that its engine stopped running when it was in motion and plaintiff was operating it and there was a complete shutdown of its electrical system.  To the extent plaintiff presently is able to do so, he believes that among the defects, none of which is related to the car's ignition switch, was that one or more of the following parts was not designed and/or manufactured properly:  the electronic control module, of 'ECM,' the secondary air valve, the 'MAP' or coolant sensor, and other parts presently unknown.  Defendants knew of these defects and did nothing to correct them and/or intentionally did not correct them or make them known before 2014."

December 18, 2020. Nothing has occurred with respect to plaintiff's action since it was transferred to this court, six and one-half years ago. Plaintiff repeatedly notified this Court that he did not agree to be a member of any class or settlement and that he opted-out of any settlement.

Pursuant to this court's Order, plaintiff long ago, duly contacted, "first [to] meet and confer, New GM and Lead Counsel," plaintiff met and conferred with New GM counsel, but Lead Counsel Elizabeth Cabraser and Robert Hilliard ignored plaintiff's request to meet and confer, so that no meeting could be had with Lead Counsel.

There is no legitimate reason for this action to remain in this court and its having been in this court for five years is an affront to the "speedy" requirement of Fed. R. Civ. P. Rule 1.

Respectfully submitted,

/s/ Stephen Yagman
filing@yagmanlaw.net
333 Washington Boulevard
Venice Beach, California 90292-5152
(310)452-3200

*Plaintiff in Propria Persona*

As discussed on the record during the Fairness Hearing held on December 18, 2020, and memorialized in the Final Order and Final Judgment at 14-MD-2543, ECF No. 8306, New GM and Class Counsel are to confer and, no later than January 7, 2020, propose procedures to adjudicate whether or to what extent claims in any member cases can proceed following the settlement and whether or when they should be remanded to their transferor courts. The Court assumes that Mr. Yagman's request should be denied without prejudice to renewal in accordance with whatever procedures the Court adopts. No later than December 23, 2020, at noon, New GM shall file a letter indicating whether it agrees or whether it consents to remand of Mr. Yagman's case now that the settlement has been approved. The Clerk of Court is directed to docket this in both 14-MD-2543 and 14-CV-9058.

SO ORDERED.

December 21, 2020