IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE:

GENERAL MOTORS LLC IGNITION
SWITCH LITIGATION

MDL No. 2543
Master File No.: 14-MDL-2543(JMF)

*This Document Relates to The Following Case:*
*Yagman v. General Motors*, No. 1:14-cv-9058

_____

**PLAINTIFF STEPHEN YAGMAN'S RENEWED, SEVENTH MOTION TO REMAND (TRANSFER) AND RESPONSE TO DEENDANTS' JAN. 7, 2021 LETTER AND PROPOSED ORDER**

The only real issues that should be before the court are whether plaintiff effectively communicated to the court that he did not wish to be a member of a class that might be certified and whether, were a class certified and there would be a settlement of the class claims, plaintiff would opt out. The court repeatedly and consistently issued orders on plaintiff's many motions to transfer the action that those motions were, and would be, premature until the court ruled on a class certification motion; as soon as the court did that, plaintiff again moved to transfer and again indicated he did not wish to be a class member and opted out of any settlement.

Until Dec. 18, 2020, as the court ruled, all of plaintiff's prior, six motions to transfer were denied, on the ground that they were premature. On Dec. 18, 2020, plaintiff's ability became ripe.

Plaintiff, Stephen Yagman, once again (for the seventh time, since 2014) moves the court to remand (transfer) this action back to the court in which it originally was filed, the Central District of California. Plaintiff consistently has asserted that this action did not properly belong in the actions that were multi-districted to this court and that plaintiff did not, and never would, agree to belong to any class and would, and did, opt out of any class. Nothing could have been made more pellucid.

Plaintiff's action had nothing to do with a faulty ignition switch and therefore did not belong in the matter in this court. Plaintiff repeatedly represented this to this court. Yet plaintiff was held in the

limbo-land of this protracted litigation, in which he had no ability to do anything, save and except for repeatedly attempt to escape, by making repeated motions to transfer back to the transferor court.

Now, defendant attempts to escape litigating on the merits plaintiff's claims, by playing gotchya, contending that plaintiff somehow has procedurally defaulted, notwithstanding that plaintiff consistently has argued that he never belonged in this court in the first instance. Litigation should not be a game.

Plaintiff got lost in the myriad filings in this court, and has no idea what deadline(s) he may have missed, and always relied on periodically notifying the court he wished to be transferred back to the transferor court, with defendants always contending plaintiff was doing that prematurely, and the court always ruling he was too early to do that, and now defendant contends it is too late. This is just wrong.

Plaintiff identified his action pursuant to the court's "Identification of Non-Ignition Switch Plaintiffs" Order, No. 153, Doc. 5767, as a "Non-Ignition Switch Plaintiff," meaning that "plaintiff [is one] whose complaint purports to allege that his or her accident or injuries was caused by a defect other than an ignition switch or key rotation defect[,]"[1] and plaintiff hereby requests that his action be remanded/transferred back to the U.S. District Court for the Central District of California, for all purposes.

The bases for the instant motion are that this action never should have been transferred to this court, in that it never had anything to do with any ignition switch, and its remaining in this court is contrary to the "just" and "speedy" mandates of Fed. R. Civ. P. Rule 1, and it appears that the conditions

---

[1] *See* FAC, Doc. 24 (C.D.CA No. 14-04696, Aug. 22, 2014) at ¶ 6: "The Lucerne had defects that remained latent until 2014 and among the manifestation of those defects was that its engine stopped running when it was in motion and plaintiff was operating it and there was a complete shutdown of its electrical system. To the extent plaintiff presently is able to do so, he believes that among the defects, none of which is related to the car's ignition switch, was that one or more of the following parts was not designed and/or manufactured properly: the electronic control module, of 'ECM,' the secondary air valve, the 'MAP' or coolant sensor, and other parts presently unknown. Defendants knew of these defects and did nothing to correct them and/or intentionally did not correct them or make them known before 2014." Plaintiff consistently and repeatedly has maintained this position.

for plaintiff to renew this motion, as the court held, now have been met, as it appears that the other cases were settled on December 18, 2020 (after which plaintiff immediately filed his last motion to transfer, on Dec. 21, 2020).

Nothing has occurred with respect to *plaintiff's action* since it was transferred to this court, six and one-half years ago. Plaintiff repeatedly has notified this court that he did not agree to be a member of any class or settlement and that he opted-out of any settlement. There simply is nothing more that plaintiff could have done.

The most-recently-filed, amended complaint, filed on or about Oct. 4, 2019 sets forth plaintiff's allegations and claims, which show that, factually and legally, plaintiff has stated viable claims, both economic and non-economic, to which he is entitled to a jury trial, and plaintiff incorporates those allegations herein.

There is no legitimate reason for this action to remain in this court and its having been in this court for six and one-half years is an affront to the "just" and "speedy" requirements of Fed. R. Civ. P. Rule 1.

The court should deny the objections of defendant and order this action be transferred back to the transferor court, the Central District of California.

Respectfully submitted,

/s/  Stephen Yagman
filing@yagmanlaw.net
333 Washington Boulevard
Venice Beach, California 90292-5152
(310)452-3200

*Plaintiff in Propria Persona*

Application DENIED. The Court's December 23, 2020 endorsement, see 14-MD-2543, ECF No. 8311, stated in no uncertain terms that Mr. Yagman's Sixth Motion to Remand was denied without prejudice to renewal in accordance with whatever procedures the Court adopted with respect to further proceedings in the MDL --- as to which counsel was given until January 7, 2021, to submit a proposed order. In light of that Order, Mr. Yagman's latest motion -- filed before the Court entered an order regarding the relevant procedures -- is patently improper and denied. Mr. Yagman shall comply instead with the procedures set forth in Order No. 174 (signed before, but docketed after, his motion was filed). The Clerk of Court is directed to docket this in both 14-MD-2543 and 14-CV-9058 and to terminate 14-CV-9058, ECF No. 337. SO ORDERED.

January 8, 2021