UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------x
IN RE:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION

*This Document Relates To:*
*Yagman v. General Motors Co, 14-CV-9058*
----------------------------------------------------------------------------x

14-MD-2543 (JMF)

<u>MEMORANDUM OPINION
AND ORDER</u>

JESSE M. FURMAN, United States District Judge:

On April 20, 2021 the Court granted *pro se* Plaintiff Stephen Yagman's motion and issued a formal suggestion to the Judicial Panel on Multidistrict Litigation ("JPML") that his case be remanded back to the Central District of California, from which it had been transferred to this Court.  The Court did so after determining that Mr. Yagman had opted out of the class settlement approved in December 2020 and, thus, had not released his claims.  *See Yagman v. Gen. Motors Co.* (*In re Gen. Motors LLC Ignition Switch Litig.*), Nos. 14-MD-2543 (JMF) et al., 2021 WL 1566053 (S.D.N.Y. Apr. 20, 2021) (ECF No. 8499). [1]  New GM now moves for expedited briefing on the question of whether remand is actually appropriate, asserting that it understood MDL Order No. 174 to have narrowly limited the scope of briefing solely to the issue of whether or not Mr. Yagman was a class member.

New GM's application is DENIED.  MDL Order No. 174 directed Mr. Yagman to "indicate in a filing . . . the specific factual and legal bases as to why he believes the claims pled in his operative complaint [we]re not released under the Settlement Agreement and dismissed with prejudice under the Final Order and Final Judgment," and directed him to "address whether and how he timely and validly opted out of the Class Settlement."  ECF No. 8332, at 3.  Mr. Yagman then filed a motion seeking remand to the Central District of California — his *eighth* such motion in this litigation.  To the extent that New GM believed that the relief Mr. Yagman sought was improper — either substantively or

---

[1]           Unless otherwise noted, all docket references are to 14-MD-2543.

procedurally — it was incumbent upon New GM to say so in its opposition or, at a minimum, to reserve its rights to make additional objections to remand later.  Notably, New GM did just that in prior rounds of briefing.  *See, e.g.*, ECF No. 7908, at 10 n.3.

Forfeiture of New GM's objections aside, the Court concludes that further briefing on the question of remand is unnecessary.  The Court has broad discretion to suggest remand to the JPML, *see Mem'l Hermann Healthcare Sys. v. State St. Bank & Tr. Co.* (*In re State St. Bank & Tr. Co. Fixed Income Funds Inv. Litig.*), Nos. 08-CV-5440 (RJH) et al., 2011 WL 1046162, at *4 (S.D.N.Y. Mar. 22, 2011), and is convinced that — after seven years of proceedings here — remand is indeed appropriate.  Mr. Yagman's repeatedly avowed interest in litigating this case in his chosen forum aside, the case will not appreciably "benefit from further proceedings as part of the MDL."  *Id.* (internal quotation marks omitted).  Mr. Yagman is the only remaining plaintiff litigating economic loss claims, and general discovery has long been completed.  Thus, further proceedings in his case will necessarily be case-specific, and "case-specific rulings are n[ot] the purpose . . . of a court presiding over a [MDL]."  *Id.* at *5 (internal quotation marks omitted).  Of course, the Court stands ready to provide assistance to, and coordinate with, the transferor court as appropriate.  But the bottom line is that "[c]onsolidated pretrial proceedings in this matter are complete making remand to the [t]ransferor [c]ourt appropriate."  *Orange Cnty. Water Dist. v. Unocal* (*In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*), Nos. 04-CV-4968 (VSB) et al., 2017 WL 5468758, at *3 (S.D.N.Y. Nov. 13, 2017).

The Clerk of Court is directed to terminate 14-MD-2543, ECF No. 8501 and 14-CV-9058, ECF No. 349.

SO ORDERED.

Dated: April 23, 2021
       New York, New York
                                                    _____
                                                    JESSE M. FURMAN
                                                    United States District Judge